UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE and JANE DOE,

       Plaintiffs,

       v.

SYRIAN ARAB REPUBLIC,
Damascus, Syria

       and

SYRIAN MILITARY INTELLIGENCE,
(al-Mukhabarat al-`Askariya)
Syrian Ministry of Defense
Omayad Square
Damascus, Syria

       Defendants.

Civil Action No.:_____

## MOTION OF PLAINTIFFS TO PROCEED UNDER PSEUDONYMS AND TO SEAL PERSONALLY IDENTIFYING INFORMATION

Plaintiffs John Doe and Jane Doe, by counsel, respectfully request leave to file this action under a pseudonym and to seal all personally identifying information. As grounds therefor, Plaintiffs state as follows:

## INTRODUCTION AND STATEMENT OF RELEVANT FACTS

This is an action brought pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*, by, Plaintiff John Doe, the victim of a terrorist attack, and his wife, Plaintiff Jane Doe, against Defendants, the Syrian Arab Republic ("Syria"), a designated State Sponsor of Terrorism, and Syrian Military Intelligence. Plaintiff John Doe is a United States citizen who was seriously injured in the March 22, 2016, bombing of the Brussels Airport by terrorists affiliated with the Islamic State of Iraq and the Levant ("ISIL"), a Foreign Terrorist Organization

so designated by the United States Secretary of State, which claimed responsibility for these attacks. Syria enabled this attack by providing material support, training, and resources to ISIL.

In order to protect the health, safety, welfare and privacy interests of the Plaintiffs and their family, Plaintiffs respectfully request that they be granted leave to proceed under a pseudonym and to seal any personally identifying information. John Doe has already been the victim of one terrorist attack in a Western country, and, if identified, reasonably fears that he or his family could be targeted for retaliation by ISIL or Syria.

## LEGAL STANDARD

The Federal Rules of Civil Procedure and this Court's Local Civil Rules require that complaints state the names and addresses of parties. Fed.R.Civ.P. 10(a); LCvRs 5.1(e)(1), 11.1. Failure to provide full names and addresses within thirty days of filing the complaint may result in the dismissal of the case against the defendant. LCvR 5.1(e)(1). The Rules make no explicit provision for pseudonymous litigation. *See* Fed.R.Civ.P. 10(a); LCvRs 5.1(e)(1), 11.1.

The D.C. Circuit has, however, held that it is "within the discretion of the district court" to analyze the particular circumstances of a case to determine whether it is appropriate to grant anonymity to a party in an action. *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C.Cir. 1995). This Court has evaluated motions to proceed anonymously by using a five factor balancing test to weigh a party's need for anonymity against the public interest. *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99–100 (D.D.C. 2008). These factors include: "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the

action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Chao*, 587 F.Supp.2d at 99.

This Court has previously granted motions for plaintiffs to proceed pseudonymously in lawsuits brought by the victims of terrorism against terrorist organizations and state sponsors of terrorism. *See Estate of Doe v. Islamic Republic of Iran*, 943 F. Supp. 2d 180 (D.D.C. 2013) (anonymous victims of 1983 Beirut Embassy Bombing allowed to sue the Iranian government as "John Doe" plaintiffs); *Doe v. Islamic Salvation Front*, 993 F. Supp. 3, 5 (D.D.C. 1998) (granting anonymity to Algerian and French citizens in lawsuit against Islamist party); *Doe v. Bin Laden*, 580 F. Supp. 2d 93, 95 (D.D.C. 2008) (granting anonymity in lawsuit against Afghanistan).

## ARGUMENT

Filing under Plaintiffs' names could result in grave harm to Plaintiffs and their family. An application of the *Chao* factors strongly support the use of pseudonyms by the Plaintiffs.

**(1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature**

The Plaintiffs are not merely trying to avoid the annoyance and criticism that may attend litigation. The Plaintiffs are moving to file under a pseudonym because they have serious concerns about violent reprisals or harassment from Defendants and ISIL against them and their family.

**(2) Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties**

There is a serious risk of retaliatory physical or mental harm to Plaintiffs from the Syrian government and ISIL if they are not allowed to proceed anonymously. ISIL has, to an unprecedented extent for a terrorist organization, sought to train, encourage and order its members to launch terrorist attacks against targets in the United States and Western countries.

While some of these attacks are directed indiscriminately against civilians, other attacks have been assassinations of specifically targeted individuals. ISIL has also transmitted "kill lists" to its supporters through Jihadi websites which target specific individuals in the United States and Europe. Plaintiffs and their family reside in the United States but they plan to continue to travel abroad in Europe and elsewhere (indeed, John Doe's international travel was the reason why he was injured in the Brussels Attack), placing them at even greater risk of attack. Even if not acted upon, a threat of reprisal alone would force Plaintiffs and their family to change their routines and take greater measures to protect themselves.

In addition to the threat of harm from ISIL, Plaintiffs may face retaliation from Syria. Syria's intelligence apparatus has developed a robust cyber warfare capability which it has reportedly used to target regime opponents located throughout the world, including in the United States. Syria's close military and intelligence ties with Russia and Iran only exacerbate this threat to the Plaintiffs. Syria has also directed its agents to physically surveil regime opponents in the United States. *See United States v. Soueid*, 2012 WL 3080803 (E.D.Va. 2012) (defendant sentenced to eighteen months for spying on activists in the Washington, DC area on behalf of Syria). Syria's notorious disregard for borders and the international rule of law, as demonstrated by its willingness to fund and protect the perpetrators of international terrorist attacks, suggests that it may seek to retaliate against Plaintiffs to discourage similar actions in the future and to silence criticism of the regime.

**(3) The ages of the persons whose privacy interests are sought to be protected**

The age of the persons whose privacy interests are sought to be protected is a relevant factor here as the Plaintiffs have a young child. Courts have held that this factor may weigh in favor of anonymity where a minor will be affected by a lack of anonymity, even if the minor is not a party. *See J.W. v. D.C.*, 318 F.R.D. 196, 201 (D.D.C. 2016) (finding that although plaintiffs were

adults, their son was a minor and thus the factor weighed in favor of anonymity). Although Plaintiffs are not themselves minors, their young child's privacy and safety interests would be adversely affected if the parents' names were publicized in a lawsuit against the Syrian government and Syrian Military Intelligence, for the reasons stated above.

### (4) Whether the action is against a governmental or private party

"When a plaintiff challenges the government or government activity, courts are more likely to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Chao*, 587 F. Supp. 2d 90, FN 9 (quoting *Yacovelli v. Moeser*, No. 02–596, 2004 WL 1144183, at *6 (M.D.N.C. May 20, 2004)). Although the reasons for this being a factor depend on the context of the action, governmental parties as public institutions face a lesser threat to their reputational and privacy interests than private individuals publicly charged with wrongdoing. *See J.W.*, 318 F.R.D. at 201.

The defendants in this action are a foreign government and a governmental agency. Thus, there are no private individual defendants facing any accusation of wrongdoing and this factor weighs in Plaintiff's favor.

### (5) The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously

There is no risk of unfairness to Syria from allowing Plaintiff to proceed anonymously. While requiring the Plaintiffs to identify themselves would expose them to significant risk, the Defendants' reputation, privacy, and ability to defend themselves would not be affected if Plaintiff were permitted to file under a pseudonym. The details of the Brussels attack are already public knowledge and ISIL has openly claimed responsibility for the attack. Syria's support for ISIL and its predecessors has been thoroughly documented by the international media, governmental reports and past litigation in U.S. courts. The specific identity of a single victim of

this attack and his family, moreover, is not material to the Defendants' responsibility for the attack or necessary to defend against the charges.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiffs request that the Court grant their Motion to Proceed Under a Pseudonym and to Seal Personally Identifying Information.

Respectfully submitted,

Joseph V. Moreno (D.C. Bar No. 982257)
Robert Duncan (D.C. Bar No. 1045079)
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
Telephone: (202) 862-2200
Fax: (202) 862-2400
Joseph.Moreno@cwt.com
Robert.Duncan@cwt.com

Counsel for the Plaintiffs

DATED: January 8, 2018

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN DOE and JANE DOE,

        Plaintiffs,

        v.

SYRIAN ARAB REPUBLIC,
Damascus, Syria

        and

SYRIAN MILITARY INTELLIGENCE,
(al-Mukhabarat al-`Askariya)
Syrian Ministry of Defense
Omayad Square
Damascus, Syria

        Defendants.

Civil Action No.:_____

### [Proposed] ORDER

Upon consideration of Motion of Plaintiffs to Proceeds Under Pseudonyms and to Seal

Personally Identifying Information, and the entire record herein, it is hereby ORDERED that:

1. The motion is granted.

2. The affidavit submitted by Plaintiff in support of this motion shall remain under seal.

Dated: _____    _____

                                   United States District Judge

Copies to:

## CERTIFICATE OF SERVICE

I hereby certify that I will cause this document to be served on the following non-filing parties:

SYRIAN MILITARY INTELLIGENCE
(al-Mukhabarat al-`Askariya)
Syrian Ministry of Defense
Omayad Square
Damascus, Syria

SYRIAN ARAB REPUBLIC
Damascus, Syria


Joseph V. Moreno (D.C. Bar No. 982257)
Robert Duncan (D.C. Bar No. 1045079)
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
Telephone: (202) 862-2200
Fax: (202) 862-2400
Joseph.Moreno@cwt.com
Robert.Duncan@cwt.com

Counsel for the Plaintiffs

-8-